IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEVIN YOUNGER, individually, and on behalf of all others similarly situated, | § § § | |
| Plaintiff, | § § | |
| | § | Civil Action No. 3:17-CV-1287-D |
| VS. | § § | |
| STRIKE TEAM, INC. d/b/a DALLAS SECURITY AND ALARM, NORTH TEXAS SECURITY & ALARM, INC., WALTER ROBERTS, ELIZABETH ROBERTS, HENRY CLEMONS, MICHAEL McGREGOR, JOHN ROBERTS, AND PAMELA ROBERTS, | § § § § § § § § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Kevin Younger ("Younger") moves for leave to effect substitute service on defendant Walter Roberts ("Roberts"). The court grants the motion.[1]

I

Younger filed this suit seeking recovery of compensation under the Fair Labor Standards Act for work performed for defendants, *inter alia*, Roberts, Strike Team, Inc., doing business as Dallas Security and Alarm, and North Texas Security & Alarm, Inc. Through a process server, Younger has attempted to personally serve Roberts at the office location for both defendant corporations at Fort Worth Avenue in Dallas. Younger has also attempted to personally serve Roberts four times

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

at Roberts' residence at N. Winnetka Drive[2] in Dallas: on August 8, 2017, at 7:16 p.m.; August 9, 2017, at 6:55 a.m.; on August 10, 2017, at 8:43 p.m.; and on August 11, 2017, at 11:50 a.m. Younger's motion for substitute service is supported by the declaration of Christine Hopkins and the affidavit of Mike Brady, which detail Younger's attempt to serve Roberts at Fort Worth Avenue. Younger's motion is further supported by the affidavit of Joy Braggs ("Braggs"), in which she details her attempts to serve Roberts at N. Winnetka Drive. Braggs avers that she attempted to serve Roberts on four different days and at four different times of day, and that a vehicle registered to Roberts was parked in the driveway at the time of the attempt on August 10, 2017. Braggs also called Roberts on August 15, 2017 at 10:35 a.m., and Roberts refused to accept service at the VA Hospital in Dallas, where he claimed to be seeking treatment.

II

Younger moves for leave to effect substitute service on Roberts. He asks the court to allow him to serve Roberts by posting a copy of this order, the summons, and complaint at the N. Winnetka Drive address in Dallas, and by sending a copy of this order, the summons, and complaint by regular U.S. Mail to Roberts at the same address. Fed. R. Civ. P. 4(e)(1) provides that service can be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Texas law provides that when personal service has been unsuccessful,

> [u]pon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other

---

[2]To address the privacy concerns associated with disclosing residence addresses, the court will refer to addresses by street name without listing the specific address and city. *See* Fed. R. Civ. P. 5.2(e)(1) (permitting court to require redact of information not specifically listed in Rule 5.2(a)(1)-(4)).

> place where the defendant can probably be found and stating specifically the facts showing that service has been attempted . . . but has not been successful, the court may authorize service . . . (2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

Tex. R. Civ. P. 106(b). In this case, "service has been attempted but has not been successful." Younger's multiple attempts through a process server to serve Roberts at his residence address support the reasonable inference that any further attempts will also be unsuccessful.

\* \* \*

Accordingly, the court grants Younger's August 24, 2017 motion to authorize substitute service on defendant Walter Roberts as set forth in this memorandum opinion and order.

**SO ORDERED**.

August 29, 2017.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE